Fuld, J.
(dissenting). The deed to the defendant and to the other grantees from the common grantor expressly recited in two separate clauses that each plot was to contain no more than “ a single dwelling house * * * for the use of one family only ’ ’ and that ‘ ‘ only one residence shall be erected on said premises ’ ’. It matters not that the several plots, owing perhaps to terrain, varied in size or shape. Quite obviously, the intention of the parties, the design envisaged, was for a development of one home to one plot. Had any grantee desired to be exempted from that requirement, so as to be free to have more than one dwelling on his plot, language was at hand to so provide and the words could easily have been found to reflect such an intention. In view of the circumstance that the defendant has reconstructed the barn into a residence, it may seem a hardship to hold that that building may not be used as a dwelling but the simple fact is that what was done was done deliberately by the defendant herself in the very face of the covenant.
The suggestion that the covenants speak only of and to the future seems to me to flout both the intention of the parties and the language of the deed. When the two provisions are read together, as of course they must be, it is clear that the design was to have a single dwelling house, for the use of only one family, grace each plot. The resemblance between this case and Barrand v. Quinn (302 N. Y. 744) is purely superficial. The parties there involved, who owned large summer houses, were primarily concerned with the right to subdivide in the future. They were not concerned with the possible future uses of the large homes then existing, one of which the defendant sought to use for a nursing home; they were intent on dealing with the future and had devised the covenant under review in that ease to deal only with new buildings which new owners might erect. This was plainly not the situation in the case before us; here, a development of practically *250 all new homes was contemplated and grantor and grantees were interested and concerned in limiting each plot to one dwelling, and necessarily for the present as well as for the future.
Nor do I see any warrant for concluding, as the court has, that there was no evidence to support the affirmed finding of fact (found by the trial court and affirmed by the unanimous Appellate Division) that a common building plan existed. Where the owner of a large tract of land divides it into building lots to be sold to separate purchasers by deeds which contain uniform covenants restricting the use to which the grantees may put their land and premises, a presumption arises that the restrictions are intended for the common benefit of the purchasers, and each will be permitted to enforce them against the others. (Cf., e.g., Bristol v. Woodward, 251 N. Y. 275, 284; see, also, 4 Warren’s Weed, New York Real Property [4th ed.], pp. 723, 738.) Moreover, the purchaser of a lot under such circumstances is bound to know of the restrictions in the deeds of other lots because each deed made prior to his own created easements in his lot in favor of the other lots. (See, e.g., Equitable Life Assur. Soc. v. Brennan, 148 N. Y. 661, 672; see, also, 4 Warren’s Weed, New York Real Property [4th ed.], p. 812.)
Here, Garber Lake Realty Corp., the common grantor, had purchased, with intent to market, an entire tract of land and prepared maps of the property in which it was subdivided into building lots. Each of the deeds from this common grantor to the plaintiff grantees herein, as well as to the defendant grantee, contained the restrictive covenants noted above. The restriction imposed, that each plot contain a single one-family dwelling, was uniform. And that the grantor contemplated, and partly carried out, the actual development of the plan subject to the restriction is apparent not only from the deeds to the plaintiffs and the defendant which contained the restriction in question but from the deeds of the tracts sold at auction at about the time defendant purchased her plot. Thus, the deeds of these two tracts — Parcel A, which was about the size of the defendant’s lot, and Parcel O, a large tract which comprised the remainder of the lots unsold—recite that “ All of said premises will be and are sold subject to such conditions, reservations and restrictive covenants as are contained in various deeds *251 from Garber Lake Realty Corporation to various grantees and restrictions contained in collateral agreements between Garber Lake Realty Corporation and grantees”. In my view, this combination of circumstances was sufficient to make out a common scheme or plan. Since the defendant took directly from the grantor subject to a deed containing the restriction sought to be enforced, the other grantees, the plaintiffs herein, for whose mutual benefit, pursuant to such plan, the restriction was imposed, were entitled to enforce it against her.
I would affirm the order appealed from.
Opinion by Judge Burke in which Judges Van Voorhis, Scileppi and Christ * concur; Judge Christ * concurs in a separate opinion in which Judges Van Voorhis, Burke and Scileppi concur; Judge Fuld dissents in an opinion in which Chief Judge Desmond and Judge Dye concur.
Upon reargument: Order reversed, etc.

 Designated pursuant to section 2 of article VI of the State Constitution in place of Bergan, J., disqualified.